1  LAW OFFICES OF DAVID S. HAGEN
   DAVID S. HAGEN - SBN 110588
2  16830 Ventura Blvd., Suite 500
   Encino, California 91436-1795
3  (818) 990-4416
   Fax: (818) 990-5680
4
   Attorney for Defendant
5

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11 In re:                          ) No. 2:15-bk-17484-RK
                                    )      Chapter 7
12 SUSAN J MULLEY,                  )
                        Debtor.     ) Adv. 2:15-ap-01446-RK
13 _____ )
                                    ) **DEFENDANT'S NOTICE OF MOTION AND**
14                                  ) **MOTION FOR SUMMARY JUDGMENT;**
   THE ATTORNEY GENERAL OF CANADA ON ) **MEMORANDUM OF POINTS AND**
15 BEHALF OF HER MAJESTY THE QUEEN  ) **AUTHORITIES AND DECLARATION OF**
   IN RIGHT OF CANADA AS REPRESENTED ) **SUSAN J MULLEY IN SUPPORT**
16 BY THE MINISTER OF NATIONAL      )
   REVENUE, a Canadian governmental ) Date: January 26, 2016
17 entity,                          ) Time: 3:00 p.m.
                                    ) Court: 1675
18                        Plaintiff, )
                                    )
19 v.                               )
                                    )
20 SUSAN J MULLEY,                  )
                                    )
21                       Defendant. )
   _____ )
22

23 **TO THE HONORABLE ROBERT KWAN AND ALL PARTIES HEREIN:**

24      PLEASE TAKE NOTICE that Defendant Susan J Mulley ("Defendant" or

25 "Mulley") herein moves for summary judgment in the instant adversary

26 proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy

27 Procedure and Rule 56 of the Federal Rules of Civil Procedure on

28                                  1

Plaintiff's Complaint to Determine Dischargeability of Debt pursuant to Section 523(a)(8).

A hearing on the Motion will be heard on January 26, 2016 at 3:00 p.m. in Courtroom 1675 of the United States Bankruptcy Court, 255 E. Temple Street, Los Angeles, CA 90012. The Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and Declaration of Susan J. Mulley and the Defendant's Statement of Genuine Issues of Fact and Conclusions of Law filed concurrently herewith.

Any opposition to this motion must be filed with the Court and served upon counsel for the Defendant, whose name and address appear in the upper left hand corner of this notice no later than 21 (twenty one) days prior to the hearing date set forth above. Failure to file a timely response may result in the granting of the Motion.

DATED: December 9, 2015

LAW OFFICES OF DAVID S. HAGEN


BY: /s/ DAVID S. HAGEN
    DAVID S. HAGEN, Attorney for
    Defendant Susan J Mulley

2

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

The underlying facts are not in substantial dispute.

Between 1975 and 1994 the Debtor, Susan J Mulley ("Mulley" or "Defendant") entered into a series of guaranteed Canadian student loan agreements with the Canadian Imperial Bank of Commerce (hereinafter "Lender") under which the Lender disbursed to Debtor student loans totaling $56,140. [Complaint, paragraph 5 and Exhibit A to Complaint] The first loan was made when Mulley entered the University of Guelph after high school. [Declaration of Mulley, paragraph 2].

Mulley left school in May, 1977 to get married. [Mulley Declaration, paragraph 3].

Mulley returned to the University of Guelph as a full time student in 1984 as a single mother and completed a Bachelor of Arts and Bachelor of Science in 1987. [Mulley Declaration, paragraph 4].

Mulley continued on in school from 1987 to 1994 and completed two graduate degrees. [Mulley Declaration, paragraph 5].

In 1994 Mulley was informed that her student loan support was denied due to "timing out" despite continued status as a full time student at the University of Guelph. [Mulley Declaration, paragraph 6].

From 1994 to 2007 Mulley continued as a full time student and earned two additional degrees. [Mulley Declaration, paragraphs 7, 8].

In May, 2007, Mulley graduated from the University of Guelph with a PhD. [Mulley Declaration, paragraph 8].

In January, 2008, Mulley began her employment as a teacher at

3

1  California State Polytechnic University Pomona. [Mulley Declaration,
2  paragraph 9].

3      At the time that the loans were disbursed to Mulley, she was a
4  native resident of Canada. [Declaration of Susan Mulley, paragraph
5  10].

6      After Mulley ceased to be a full time student, Mulley became
7  liable to pay interest accruing on the loans. [Complaint, paragraph
8  6].

9      As Mulley opted to not pay or failed to pay the interest
10 accruing, such interest was added to and became part of the principal
11 amount of the loans. [Complaint, paragraph 7].

12     In or about 2004 the Lender prepared a student loan consolidation
13 agreement form in anticipation of Mulley complying with the
14 requirements to consolidate all loans within six months of being a
15 full time student.  Mulley failed to execute the consolidation
16 agreement. [Complaint, paragraph 8].

17     Because Mulley did not enter into the consolidation agreement,
18 the Lender alleges to have sent a demand for full payment of her
19 Canadian federal student loan in the amount of $65,328.70 plus
20 interest at 2.5% from November 1, 2004. [Complaint, paragraph 9].

21     Mulley did not make payments and the Lender then submitted a
22 Claim for Loss to Human Resources and Skills Development Canada on
23 April 14, 2005 with respect to the federal Canadian loans disbursed to
24 Mulley.  On or about May 12, 2005, the Canadian government paid the
25 lender the sum of $51,,680.91 which consisted of the principal amount
26 of $49,885.41 plus interest in the sum of $1,780.50 and costs of
27 $15.00. [Complaint, paragraph 10].

28
                                    4

1    By virtue of the government's payment to the Lender, the Canadian
2 government became subrogated in and to all the rights of the Lender in
3 respect of the outstanding guaranteed Canadian loans made to Mulley.
4 Accordingly, Mulley's obligation on the student loans became a debt
5 owing to the Canadian government. [Complaint, paragraph 11].

6    On or about January 23, 2008, judgment was entered by the Ontario
7 Superior Court in favor of the Canadian Attorney General against
8 Mulley in the amount of $62,577.89 and costs of $1,411.00 in Canadian
9 dollars. [Complaint, paragraph 13].

10    The Canadian Attorney General engaged a private lawyer in
11 California to enforce the Ontario judgment. [Complaint, paragraph 14].

12    On September 2, 2010 a default judgment was obtained against
13 Mulley in the Los Angeles Superior Court in case number BC432993 in
14 favor of the Canadian Attorney General in the amount of $71,830.16.
15 [Complaint, paragraph 15].

16    Subsequent payments and garnishments by and against Mulley have
17 reduced the balance to $59,051.49. [Complaint, paragraph 16].

18                                   **II.**

19            **THE CANADIAN STUDENT LOANS ARE DISCHARGEABLE**

20                      **UNDER SECTION 523(a)(8)**

21    The statutory definitions of dischargeability of student loans
22 establish several limitations on what loans are considered qualified
23 educational loans. First, the debtor must be a taxpayer. In the case
24 of a Canadian resident alien who did not file tax returns in the
25 United States, the Court found that the debtor was not a taxpayer and
26 therefore the debt was dischargeable. In re LeBlanc, 404 B.R. 793
27 (Bankr. M.D., Pa, 2009).

28

1    Section 523(a)(8) provides that "a discharge under section 727,
2  1228(a), 1228(b), or 1328(b) of this title does not discharge an
3  individual debtor from any debt . . .

4  (8) . . . for - . . .

5  (B) any . . . educational loan that is a qualified educational loan,
6  as defined in section 221(d)(1) of the Internal Revenue Code of 1986,
7  incurred by a debtor who is an individual".

8    Section 221(d)(1) of the Internal Revenue Code specifies:

9    (d) Definitions. - For purposes of this section -

10    (1) Qualified educational loan. - The term "qualified educational
11  loan" means any indebtedness incurred by the taxpayer solely to pay
12  qualified higher education expenses -

13    (A) which are incurred on behalf of the taxpayer, the taxpayer's
14  spouse, or any dependent of the taxpayer as of the time the
15  indebtedness was incurred,

16    (B) which are paid or incurred within a reasonable period of time
17  before or after the indebtedness is incurred, and

18    C) which are attributable to education furnished during a period
19  during with the recipient was an eligible student.

20    The term "taxpayer" is a defined term under the Internal Revenue
21  Code as "any person subject to any internal revenue tax."  26 U.S.C.
22  Section 7701(a)(14).  The question as to who is subject to a tax
23  appears to have been answered in Morse v. United States, 494 F.2d 876,
24  880 (9th Cir., 1974).  Thus, even though a nonresident alien may be
25  required to file a return under 26 U.S.C. Section 6012, he or she will
26  not become a taxpayer under the IRC unless a return is actually filed,
27  regardless of whether a tax is due.  Here, Mulley was not a resident

28

1  of the United States when she was an eligible student, having been

2  born and resided in Canada at all times during the time she attended

3  school and obtained the Canadian loans, and thus that indebtedness

4  would not qualify as an eligible student loan that cannot be

5  discharged under Section 523(a)(8).  If she was not a taxpayer, then

6  the loan extended to her could not have qualified under 26 U.S.C.

7  Section 221(d) and would not be a student loan under 11 U.S.C. Section

8  523(a)(8).

9      In In re LeBlanc, supra, the Debtor/Defendant argued that she

10  could not be the recipient of an educational loan as defined, since at

11  all material times she was a Canadian citizen, and not a "taxpayer"

12  under the IRC.  The Court agreed with the Debtor in determining that

13  as a Canadian citizen at the time the loans were incurred, they were

14  not student loans as defined by Section 523(a)(8).  LeBlanc at 797.

15      Further, this debt has not been treated as a student loan as it

16  would be under U.S. law, as Mulley has never been sent yearly tax

17  forms indicating how much interest has been paid on the loans allowing

18  her to write off interest paid on the loans. [Mulley Declaration,

19  paragraph 11].

20                              **III**

21              **THE LOANS IN QUESTION WOULD BE DISCHARGED**

22                      **UNDER CANADIAN LAW**

23      Canadian bankruptcy law, similar to that of American bankruptcy

24  law, is designed to wipe out the outstanding debts of an individual

25  and to give the debtor a "fresh start".  The Bankruptcy and Insolvency

26  Act provides that certain kinds of debts survive a bankruptcy and

27  remain outstanding even after discharge, including (a) fines imposed

28                              7

1  by a court, (b) alimony, maintenance and support payments, © damage

2  awards arising from civil proceedings for bodily harm, sexual assualt

3  or wrongful death or (d) debts and liabilities arising out of fraud.

4  Bankruptcy and Insolvency Act, R.S.C, 1985, 178 as amended.

5      Dischargeability of student loans in Canada, however, are treated

6  differently than student loan debts under the Bankruptcy Code.

7  Sections 178(1)(g) and (h) and 178(1.1) of the Canadian Bankruptcy and

8  Insolvency Act provides as follows:

9      (g) any debt or obligation in respect of a loan made under the

10 Canada Student Loans Act, the Canada Student Financial Assistance Act

11 or any enactment of a province that provides for loans or guarantees

12 of loans to students where the date of bankruptcy of the bankruptcy

13 occurred

14     i.  before the date on which the bankrupt ceased to be a

15         full or part-time student, as the case may be, under

16         the applicable Act or enactment, or

17     ii. within seven years after the date on which the bankrupt

18         ceased to be a full or part-time student; or

19 (h) any debt for interest owed in relation to an amount referred to in

20 any of paragraphs (a) to (g).

21     Thus under Canadian law, Mulley, who finished her education in

22 Canada prior to June, 2007, would be eligible for discharge of the

23 student loans had she filed bankruptcy in Canada.   It would be

24 patently unfair that the loans incurred in her native country would be

25 discharged, but the assignee of the lender could continue to chase her

26 because she chose to live in the United States.

27

28                                    8

## CONCLUSION

Since the loans in question do not meet the definition of an eligible student loan under Section 523(a)(8), the loan obligations must be discharged.

DATED: December 9, 2015

LAW OFFICES OF DAVID S. HAGEN

BY: /s/ DAVID S. HAGEN
DAVID S. HAGEN, Attorney for
Defendant Susan J Mulley

1

### DECLARATION OF SUSAN J MULLEY

2    I, SUSAN J MULLEY hereby declare and state as follows:

3    1.   I am the Defendant in this proceeding and have personal

4 knowledge of the facts set forth herein.

5    2.   I was born in Canada and attended my higher education at the

6 University of Guelph, in Ontario province, Canada.  I graduated high

7 school in 1975. The first loan was made when Mulley entered the

8 University of Guelph after high school.

9    3.   I left school in May, 1977 to get married.

10    4.   I returned to the University of Guelph as a full time student

11 in 1984 as a single mother and completed a Bachelor of Arts and

12 Bachelor of Science in 1987.

13    5.   I continued on in school from 1987 to 1994 and completed two

14 graduate degrees.

15    6.   In 1994 I was informed that my student loan support was

16 denied due to "timing out" despite continued status as a full time

17 student at the University of Guelph.

18    7.   From 1994 to 2007 I continued as a full time student and

19 earned two additional degrees.

20    8.   In May, 2007, I graduated from the University of Guelph with

21 a PhD.

22    9.   In January, 2008, I began my employment as a teacher at

23 California State Polytechnic University Pomona.

24    10.   At the time that the loans were disbursed to me, I was a

25 native resident of Canada..

26    11.   I was not required to file American tax returns until I

27 resided here and earned income here.  At no time have I ever received

28

1 statements of interest paid on my student loans allowing me to deduct
2 that interest against my income for federal tax purposes.

3     I declare under penalty of perjury that the foregoing statements
4 are true and correct, and I could, if called upon, competently testify
5 thereto.

6     DATED: December ___, 2015

SUSAN J MULLEY

11

**EXHIBIT 1**

H. Michael Soroy, Esq. (SBN 153 944)
Peter C. Ver Halen, Esq. (SBN 041 609)
Kristin A. Ingulsrud, Esq. (SBN 294532)
LAW OFFICES OF H. MICHAEL SOROY
11766 Wilshire Boulevard, Suite 270
Los Angeles, California  90025-6547
Telephone: (310) 444-7750
Facsimile: (310) 312-1034
Email:    office@soroylaw.com

FILED

AUG 14 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

Attorneys for
THE ATTORNEY GENERAL OF CANADA

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.  2:15-bk-17484-RK |
| SUSAN J. MULLEY, | Chapter 7 |
| Debtor. | **COMPLAINT FOR:** |
| THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity, | **NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(8)** |
| Plaintiff, | |
| v. | |
| SUSAN J. MULLEY, | |
| Defendant. | |

The ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE

QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL

- 1 -

COMPLAINT

REVENUE, a Canadian governmental entity ("Attorney General" or "Plaintiff"), complains of

Debtor and Defendant SUSAN J. MULLEY ("Debtor") as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this adversary proceeding

pursuant to the provisions of 28 U.S.C. § 1334 and the reference order of the United States

District Court for the Central District of California.

2.    This adversary proceeding relates to the Chapter 7 case of Susan J. Mulley, Case

No. 2:15-bk-17484-RK, now pending in the United States Bankruptcy Court for the Central

District of California.  The matter is a core proceeding pursuant to 28 U.S.C. § 157.

3.    Venue lies in the Central District of California, pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

4.    The Complaint concerns Canada Guaranteed student loans made pursuant to the

*Canada Student Loans Act*, R.S.C. 1985, c. s-23, as amended (hereinafter "*CSLA*"), and its

Regulations, as amended (hereinafter "*CSLRs*").

5.    Debtor entered into a series of Guaranteed Canada student loan agreements with

the Canadian Imperial Bank of Commerce (hereinafter the "Lender") under which the Lender

dispersed to Debtor student loans totaling $56,140.  Attached hereto and marked as Exhibit "A"

are true and correct copies of the Guaranteed Canada student loan agreements.

6.    After Debtor ceased to be a full time student, Debtor became liable to pay

interest accruing on the Guaranteed Canada student loans.

7.    As Debtor opted to not pay or failed to pay the interest accrued in this period, it

was added to and became part of the principal amount of the Guaranteed Canada student loan.

8.    The Lender prepared a student loan consolidation agreement form (hereinafter a

Consolidation Agreement) in anticipation of the Defendant complying with the requirement to

consolidate all loans within six months after ceasing to be a full-time student. The

Consolidation Agreement is a document prepared by the Lender in the ordinary course of

business with respect to Guaranteed Canada student loans which consolidates all Guaranteed

COMPLAINT

Canada student loan agreements made to a borrower and sets out the terms and conditions for repayment of the consolidated loans. In breach of section 7 of the *CSLRs*, the Defendant failed to enter into (i.e., sign) the Consolidation Agreement with the Lender. Pursuant to the subsection 9 (1) of the *CSLRs* and the terms of each Guaranteed Canada student loan agreement, the principal amount of the Guaranteed Canada student loan and interest accrued thereon became due and payable on the first day of the seventh month after the month in which the Defendant ceased to be a full-time student.  Attached hereto and marked as Exhibit "B" is a true copy of the unsigned Consolidation Agreement.

9.      Because the Defendant did not enter into a Consolidation Agreement, the Lender sent a formal demand by certified mail to the Defendant for payment in full of her Federal Student loan in the amount of $65,328.70, plus interest at the rate of prime plus 2.5% from November 1, 2004.

10.      The Defendant failed to maintain payments and comply with the formal demand sent by the Lender, thus causing the Lender to sustain a loss.  Therefore, Lender submitted a Claim for Loss (Schedule 6) to Human Resources and Skills Development Canada (previously Social Development Canada and Human Resources and Social Development Canada) dated April 14, 2005, with respect to the Guaranteed student loans disbursed to the Debtor.  On or about May 12, 2005, the Crown paid the Lender the sum of $51,680.91, which consisted of the principal amount of $49,885.41, plus interest in the sum of $1,780.50 and costs of $15.00.

11.      By virtue of the Crown's payment and section 30 of the *CSLRs*, Her Majesty became subrogated in and to all the rights of the Lender in respect of the outstanding Guaranteed Canada student loan referred to herein.  Accordingly, the Defendant's outstanding Canada student loan became a debt owing to the Crown.

12.      Her Majesty tasked the Attorney General of Canada with collecting the Defendant's unpaid guaranteed Student Loan.

13.      On or about January 23, 2008, Judgment was entered by the Ontario Superior Court of Justice in favor of Attorney General and against Susan J. Mulley aka Susan J.

Ledingham, in the amount of $62,577.89 and costs of $1,411.00 in Canadian Dollars.  Attached

hereto and marked as Exhibit "C" is a true copy of the Default Judgment.

   14. The Attorney General engaged the Law Offices of H. Michael Soroy to obtain a

judgment enforceable against Debtor in the State of California.

   15. On September 2, 2010, the Law Offices of H. Michael Soroy obtained a default

judgment in the amount of $71,830.16 in the Los Angeles Superior Court, case number

BC432993 against Debtor on behalf of the Attorney General.  Attached hereto and marked as

Exhibit "D" is a true copy of the Judgment.

   16. Debtor's wages were garnished and the balance due has been reduced to

$59,051.49.

   17. Debtor filed a voluntary petition for relief under the provisions of chapter 7 of

the United States Bankruptcy Code on May 11, 2015, staying the garnishment of Debtor's

wages.

FIRST CLAIM FOR RELIEF

(Nondischargeability against the Debtor Pursuant to 11 U.S.C. § 523(a)(8))

   18. Plaintiff adopts, incorporates by reference, and alleges herein all of the

allegations set forth in paragraphs 1 through 17, inclusive, as if set forth individually in this

First Claim for Relief.

   19. Pursuant to 11 U.S.C. § 523(a)(8), this bankruptcy does not discharge Debtor

from any debts incurred for an educational benefit loan made, insured, or guaranteed by a

governmental unit, or an obligation to repay funds received as an educational benefit,

scholarship, or stipend.

   20. Absent an affirmative showing of undue hardship, student loans are not

dischargeable.

   21. Debtor's outstanding student loan balance in the amount of $59,051.49 is

nondischargeable.

PRAYER FOR RELIEF

- 4 -

COMPLAINT

1    WHEREFORE, Plaintiff prays for judgment as follows:

2    On the First Cause of Action:

3    1.    For judgment against Debtor determining that the debt owed by the Debtor to

4    Plaintiff is not dischargeable in her bankruptcy case and for judgment according to proof;

5    2.    For such other and further relief as the Court considers proper.

6

7    DATED:  August 13, 2015        LAW OFFICES OF H. MICHAEL SOROY

8

9                        BY:  _____

10                            H. Michael Soroy, Esq.
                             Kristin A. Ingulsrud, Esq.
11                            Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16830 Ventura Blvd., Suite 500, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF
SUSAN J MULLEY IN SUPPORT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/15/2015 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Brad Krasnoff, Chapter 7 Trustee:     jmcdaniel@dgdk.com

UST (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/15/2015 , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

H. Michael Soroy, 11766 Wilshire Blvd., Suite 270, Los Angeles, CA 90025-6547

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/15/2015 | DAVID S. HAGEN | /S/ DAVID S. HAGEN |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**