1  H. Michael Soroy, Esq. (SBN 153 944)
   Kristin A. Ingulsrud, Esq. (SBN 294 532)
2  LAW OFFICES OF H. MICHAEL SOROY
   11766 Wilshire Boulevard, Suite 270
3  Los Angeles, California 90025-6537
   Telephone: (310) 444-7750
4  Facsimile: (310) 312-1034
   E-mail: office@soroylaw.com
5
   Attorneys for Plaintiff,
6  THE ATTORNEY GENERAL OF CANADA



FILED
DEC 14 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SUSAN J. MULLEY,<br><br>Debtor.<br><br>THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN J. MULLEY,<br><br>Defendant. | Case No.: 2:15-bk-17484-RK<br>Chapter 7<br><br>Adv. Case No.: 2:15-ap-01446-RK<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>[REQUEST FOR JUDICIAL NOTICE; STATEMENT OF UNDISPUTED FACTS FILED CONCURRENTLY HEREWITH; [PROPOSED] ORDER FOR ENTRY OF SUMMARY JUDGMENT LODGED CONCURRENTLY HEREWITH]<br><br>Date:    January 26, 2016<br>Time:    3:00 p.m.<br>Court:   1675<br>Judge:   Hon. Robert Kwan |

TO DEFENDANT AND TO HER ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that on January 26, 2016 at 3:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 255 East Temple Street, Los

Angeles, CA 90012, Plaintiff ATTORNEY GENERAL OF CANADA ("Attorney General" or "Plaintiff"), a Canadian governmental entity, ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA ("Plaintiff" or "Her Majesty" or "the Crown") will move the Court for the following order:

For Summary Judgment on Plaintiff's Complaint in favor of Plaintiff and against Defendant SUSAN J. MULLEY ("Defendant" or "Debtor") on its complaint for nondischargeability of debt. This motion is made on the ground that Defendant has no defenses, there is no triable issue as to any material fact, and Attorney General is entitled to Judgment as a matter of law on the basis that debts incurred for an educational benefit loan made, insured, or guaranteed by a governmental unit are nondischargeable pursuant to 11 U.S.C. § 523(a)(8).

Said Motion will be based upon this Notice of Motion; Memorandum of Points and Authorities; Statement of Undisputed Facts; Request for Judicial Notice; the pleadings, records and files herein; and upon such further evidence as may be presented at the Hearing of said Motion.

**IF YOU DO NOT OPPOSE THE MOTION, YOU NEED TAKE NO OTHER ACTION. HOWEVER, IF YOU OBJECT TO THE RELIEF REQUESTED IN THE MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1, YOU MUST SERVE AND FILE A WRITTEN OBJECTION WITH THE CLERK OF THE BANKRUPTCY COURT AND SERVE SUCH WRITTEN OBJECTION UPON THE CREDITOR TO WHOSE MOTION THE OBJECTION IS BEING FILED, AT THE ADDRESS SET FORTH ABOVE, AND UPON THE OFFICE OF THE UNITED STATES TRUSTEE LOCATED AT 915 WILSHIRE BLVD., SUITE 1850, LOS ANGELES, CA 90017. OBJECTIONS MUST BE SERVED AND FILED NO LATER THAN TWENTY-ONE (21) DAYS PRIOR TO THE DATE SET FOR HEARING AS INDICATED ABOVE. YOU MUST FILE YOUR OPPOSING PAPERS AND PROOF OF SERVICE THEREOF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT 255 EAST TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012. ANY FAILURE TO TIMELY FILE AND SERVE ANY SUCH OBJECTIONS MAY RESULT**

1 | **IN ANY SUCH OBJECTIONS BEING WAIVED. FOR FURTHER INFORMATION,**
2 | **SEE LOCAL BANKRUPTCY RULES 7056-1 AND 9013-1.**

4 | DATED: December 14, 2015                LAW OFFICES OF H. MICHAEL SOROY

7 |                                          By: _____
                                                H. Michael Soroy, Esq.
8 |                                              Kristin A. Ingulsrud, Esq.
                                                Attorney for Plaintiff,
9 |                                              THE ATTORNEY GENERAL
                                                OF CANADA

3

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. STATEMENT OF FACTS

### A. The Student Loan Agreement

The underlying Complaint concerns Canada Guaranteed student loans made pursuant to the *Canada Student Loans Act*, R.S.C. 1985, c. s-23, as amended (hereinafter "*CSLA*"), and its Regulations, as amended (hereinafter "*CSLRs*"). (Statement of Undisputed Facts ("SUF") No. 1).

Debtor Susan J. Mulley (hereinafter "Debtor") entered into a series of Guaranteed Canada student loan agreements with the Canadian Imperial Bank of Commerce (hereinafter the "Lender") under which the Lender dispersed to Debtor student loans totaling $56,140. (SUF No. 2).

### B. Debtor Defaults on the Loan

After Debtor ceased to be a full time student, Debtor became liable to pay interest accruing on the Guaranteed Canada student loans. (SUF No. 3). As Debtor opted to not pay or failed to pay the interest accrued in this period, it was added to and became part of the principal amount of the Guaranteed Canada student loan. (SUF No. 4). The Lender prepared a student loan consolidation agreement form (hereinafter a "Consolidation Agreement") in anticipation of Debtor complying with the requirement to consolidate all loans within six months of ceasing to be a full-time student. The Consolidation Agreement is a document prepared by the Lender in the ordinary course of business with respect to Guaranteed Canada student loans which consolidated all Guaranteed Canada student loan agreements made to a borrower and sets out the terms and conditions for repayment of the consolidated loans. In breach of section 7 of the *CSLRs*, Debtor failed to enter into the Consolidation Agreement with the Lender. Pursuant to subsection 9(1) of the *CSLRs* and the terms of each Guaranteed Canada student loan agreement, the principal amount of the Guaranteed Canada student loan and interest accrued thereon became due and payable on the first day of the seventh month after the month in which the Debtor ceased to be a full-time student. (SUF No. 5).

Because Debtor did not enter into a Consolidation Agreement, the Lender sent a formal demand by certified mail to the Defendant for payment in full of her Federal Student loan in the amount of $65,328.70, plus interest at the rate of prime plus 2.5% from November 1, 2004. (SUF No. 6). Debtor failed to maintain payments and comply with the formal demand sent by Lender, thus causing Lender to sustain a loss. Therefore, Lender submitted a Claim for Loss (Schedule 6) to Human Resources and Skills Development Canada (previously Social Development Canada and Human Resources and Social Development Canada) dated April 14, 2005, with respect to the Guaranteed student loans disbursed to the Debtor. On or about May 12, 2005, the Crown paid the Lender the sum of $51,680.91, which consisted of the principal amount of $49,885.41, plus interest in the sum of $1,780.50 and costs of $15.00. (SUF No. 7).

By virtue of the Crown's payment and section 30 of the *CSLRs*, Her Majesty became subrogated in and to all the rights of the Lender in respect of the outstanding Guaranteed Canada student loan referred to herein. Accordingly, Debtor's outstanding Canada student loan became a debt owing to the Crown. (SUF No. 8). Her Majesty tasked the Attorney General of Canada with collecting Debtor's unpaid guaranteed Student Loan. (SUF No. 9).

### C.     The Canadian Court Enters Default Judgment

On or about January 23, 2008, Judgment was entered by the Ontario Superior Court of Justice in favor of Attorney General and against Debtor in the amount of $62,577.89 and costs of $1,411.00 in Canadian Dollars. (SUF No. 10). The Attorney General engaged the Law Offices of H. Michael Soroy to obtain a judgment enforceable against Debtor in the State of California. (SUF No. 11).

### D.     The Los Angeles Superior Court Enters Default Judgment

On September 2, 2010, the Law Offices of H. Michael Soroy obtained a default judgment in the amount of $71,830.16 in the Los Angeles Superior Court, case number BC432993 against Debtor on behalf of the Attorney General. (SUF No. 12). Debtor's wages were garnished and the balance due has been reduced to $59,051.49. (SUF No. 13).

### E.     Debtor Files for Bankruptcy

Debtor filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code on May 11, 2015, staying the garnishment of Debtor's wages. (SUF No. 14).

## II.  ARGUMENT

### A.  Legal Standard for Summary Judgment.

Under Federal Rule of Civil Procedure 56 (which is incorporated in the Federal Rules of Bankruptcy Procedure by Rule 7056), a court shall grant summary judgment if there is no genuine dispute as to any material fact. The underlying facts are not disputed. Debtor seeks the discharge of her Canadian student loan obligation. (Request for Judicial Notice "RJN" No. 3).

Plaintiff seeks a determination that this obligation, a student loan, is not dischargeable pursuant to Section 523(a)(8). Debtor contends that as a foreign student loan, it lies outside the scope of Section 523(a)(8). (SUF No. 15).

### B.  Section 523(a)(8) is Not Limited to Student Loans Issued by the United States Government.

11 U.S.C. 523(a) sets forth bankruptcy exceptions to discharge. Part 8 excepts student loans from discharge. 523(a)(8)(A)(i) provides that "an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit" is not dischargeable.

Notably, "governmental unit" is not limited to the United States. 11 U.S.C. 101, which provides definitions for title 11 of the code, defines "governmental unit" as:

> United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

By the code's own definition, 523(a)(8)(A)(i) use of the term "governmental unit" actually means "governmental unit" as commonly understood and is not limited to the United

States. Canada undoubtedly qualifies as a "foreign state." Debtor's Canadian student loans are not dischargeable.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff Attorney General of Canada respectfully requests that the Court grant its motion for summary judgment and find that Debtor's Canadian student loans are nondischargeable.

DATED: December 14, 2015            LAW OFFICES OF H. MICHAEL SOROY


By: _____
H. Michael Soroy, Esq.
Kristin A. Ingulsrud, Esq.
Attorneys for Plaintiff,
THE ATTORNEY GENERAL OF CANADA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd. #270
Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE; STATEMENT OF UNDISPUTED FACTS; PROPOSED ORDER

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __12/14/2015__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Law Offices of David S. Hagen
16830 Ventura Blvd., Suite 500
Encino, CA 91436-1795

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __12/14/2015__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE ROBERT KWAN          Brad D. Krasnoff, Trustee
255 E. Temple Street             jmcdaniel@dgdk.com; bkrasnoff@ecf.epiqsystems.com
SUITE 1682, Courtroom 1675
Los Angeles, CA 90012           United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/14/2015 | Kristin Ingulsrud | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                **F 9013-3.1.PROOF.SERVICE**