LAW OFFICES OF DAVID S. HAGEN
DAVID S. HAGEN - SBN 110588
16830 Ventura Blvd., Suite 500
Encino, California 91436-1795
(818) 990-4416
Fax: (818) 990-5680

Attorney for Defendant

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | ) No. 2:15-bk-17484-RK |
| | )     Chapter 7 |
| SUSAN J MULLEY, | ) |
| Debtor. | ) Adv. 2:15-ap-01446-RK |
| | ) |
| | ) **DEFENDANT'S OPPOSITION TO** |
| | ) **PLAINTIFF'S MOTION FOR SUMMARY** |
| THE ATTORNEY GENERAL OF CANADA ON | ) **JUDGMENT** |
| BEHALF OF HER MAJESTY THE QUEEN | ) |
| IN RIGHT OF CANADA AS REPRESENTED | ) Date: January 26, 2016 |
| BY THE MINISTER OF NATIONAL | ) Time: 3:00 p.m. |
| REVENUE, a Canadian governmental | ) Court: 1675 |
| entity, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SUSAN J MULLEY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**TO THE HONORABLE ROBERT KWAN AND ALL PARTIES HEREIN:**

Defendant Susan J Mulley herein opposes the motion of Plaintiff for Summary Judgment on its complaint to determine that certain student loans are dischargeable pursuant to Section 523(a)(8) of the Bankruptcy Code.

1

1    Basically, the underlying facts are primarily undisputed. The issue is whether the student loans at issue are dischargeable in bankruptcy notwithstanding the fact that the loans were made by Plaintiff's assignor to Defendant, a citizen and resident of Canada when the loans were made.

    Defendant's opposition is set forth in her own motion for summary judgment, a copy of which (without separately filed Statement of Genuine Issues of Fact and Conclusions of Law, found on the adversary docket as Item 9 and incorporated herein) is attached hereto as Exhibit 1.

DATED: January 5, 2016

                             LAW OFFICES OF DAVID S. HAGEN

                             BY: /s/ DAVID S. HAGEN
                                 DAVID S. HAGEN, Attorney for
                                 Defendant Susan J Mulley

2

**EXHIBIT 1**

LAW OFFICES OF DAVID S. HAGEN
DAVID S. HAGEN - SBN 110588
16830 Ventura Blvd., Suite 500
Encino, California 91436-1795
(818) 990-4416
Fax: (818) 990-5680

Attorney for Defendant

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SUSAN J MULLEY,<br>                Debtor.<br><br>_____<br><br>THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,<br><br>                Plaintiff,<br><br>v.<br><br>SUSAN J MULLEY,<br><br>                Defendant.<br>_____ | No. 2:15-bk-17484-RK<br>    Chapter 7<br><br>Adv. 2:15-ap-01446-RK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF SUSAN J MULLEY IN SUPPORT**<br><br>Date: January 26, 2016<br>Time: 3:00 p.m.<br>Court: 1675 |

**TO THE HONORABLE ROBERT KWAN AND ALL PARTIES HEREIN:**

PLEASE TAKE NOTICE that Defendant Susan J Mulley ("Defendant" or "Mulley") herein moves for summary judgment in the instant adversary proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 56 of the Federal Rules of Civil Procedure on

1

Plaintiff's Complaint to Determine Dischargeability of Debt pursuant to Section 523(a)(8).

A hearing on the Motion will be heard on January 26, 2016 at 3:00 p.m. in Courtroom 1675 of the United States Bankruptcy Court, 255 E. Temple Street, Los Angeles, CA 90012.  The Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and Declaration of Susan J. Mulley and the Defendant's Statement of Genuine Issues of Fact and Conclusions of Law filed concurrently herewith.

Any opposition to this motion must be filed with the Court and served upon counsel for the Defendant, whose name and address appear in the upper left hand corner of this notice no later than 21 (twenty one) days prior to the hearing date set forth above.  Failure to file a timely response may result in the granting of the Motion.

DATED: December 9, 2015

                        LAW OFFICES OF DAVID S. HAGEN

                        BY: /s/ DAVID S. HAGEN
                            DAVID S. HAGEN, Attorney for
                            Defendant Susan J Mulley

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**FACTUAL BACKGROUND**

The underlying facts are not in substantial dispute.

Between 1975 and 1994 the Debtor, Susan J Mulley ("Mulley" or "Defendant") entered into a series of guaranteed Canadian student loan agreements with the Canadian Imperial Bank of Commerce (hereinafter "Lender") under which the Lender disbursed to Debtor student loans totaling $56,140. [Complaint, paragraph 5 and Exhibit A to Complaint] The first loan was made when Mulley entered the University of Guelph after high school. [Declaration of Mulley, paragraph 2].

Mulley left school in May, 1977 to get married. [Mulley Declaration, paragraph 3].

Mulley returned to the University of Guelph as a full time student in 1984 as a single mother and completed a Bachelor of Arts and Bachelor of Science in 1987. [Mulley Declaration, paragraph 4].

Mulley continued on in school from 1987 to 1994 and completed two graduate degrees. [Mulley Declaration, paragraph 5].

In 1994 Mulley was informed that her student loan support was denied due to "timing out" despite continued status as a full time student at the University of Guelph. [Mulley Declaration, paragraph 6].

From 1994 to 2007 Mulley continued as a full time student and earned two additional degrees. [Mulley Declaration, paragraphs 7, 8].

In May, 2007, Mulley graduated from the University of Guelph with a PhD. [Mulley Declaration, paragraph 8].

In January, 2008, Mulley began her employment as a teacher at

3

1 California State Polytechnic University Pomona. [Mulley Declaration,
2 paragraph 9].

3     At the time that the loans were disbursed to Mulley, she was a
4 native resident of Canada. [Declaration of Susan Mulley, paragraph
5 10].

6     After Mulley ceased to be a full time student, Mulley became
7 liable to pay interest accruing on the loans. [Complaint, paragraph
8 6].

9     As Mulley opted to not pay or failed to pay the interest
10 accruing, such interest was added to and became part of the principal
11 amount of the loans. [Complaint, paragraph 7].

12     In or about 2004 the Lender prepared a student loan consolidation
13 agreement form in anticipation of Mulley complying with the
14 requirements to consolidate all loans within six months of being a
15 full time student.  Mulley failed to execute the consolidation
16 agreement. [Complaint, paragraph 8].

17     Because Mulley did not enter into the consolidation agreement,
18 the Lender alleges to have sent a demand for full payment of her
19 Canadian federal student loan in the amount of $65,328.70 plus
20 interest at 2.5% from November 1, 2004. [Complaint, paragraph 9].

21     Mulley did not make payments and the Lender then submitted a
22 Claim for Loss to Human Resources and Skills Development Canada on
23 April 14, 2005 with respect to the federal Canadian loans disbursed to
24 Mulley.  On or about May 12, 2005, the Canadian government paid the
25 lender the sum of $51,,680.91 which consisted of the principal amount
26 of $49,885.41 plus interest in the sum of $1,780.50 and costs of
27 $15.00. [Complaint, paragraph 10].

28

4

By virtue of the government's payment to the Lender, the Canadian government became subrogated in and to all the rights of the Lender in respect of the outstanding guaranteed Canadian loans made to Mulley. Accordingly, Mulley's obligation on the student loans became a debt owing to the Canadian government. [Complaint, paragraph 11].

On or about January 23, 2008, judgment was entered by the Ontario Superior Court in favor of the Canadian Attorney General against Mulley in the amount of $62,577.89 and costs of $1,411.00 in Canadian dollars. [Complaint, paragraph 13].

The Canadian Attorney General engaged a private lawyer in California to enforce the Ontario judgment. [Complaint, paragraph 14].

On September 2, 2010 a default judgment was obtained against Mulley in the Los Angeles Superior Court in case number BC432993 in favor of the Canadian Attorney General in the amount of $71,830.16. [Complaint, paragraph 15].

Subsequent payments and garnishments by and against Mulley have reduced the balance to $59,051.49. [Complaint, paragraph 16].

## II.

## **THE CANADIAN STUDENT LOANS ARE DISCHARGEABLE UNDER SECTION 523(a)(8)**

The statutory definitions of dischargeability of student loans establish several limitations on what loans are considered qualified educational loans. First, the debtor must be a taxpayer. In the case of a Canadian resident alien who did not file tax returns in the United States, the Court found that the debtor was not a taxpayer and therefore the debt was dischargeable. In re LeBlanc, 404 B.R. 793 (Bankr. M.D., Pa, 2009).

5

Section 523(a)(8) provides that "a discharge under section 727, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(8) . . . for - . . .

(B) any . . . educational loan that is a qualified educational loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual".

Section 221(d)(1) of the Internal Revenue Code specifies:

(d) Definitions. - For purposes of this section -

(1) Qualified educational loan. - The term "qualified educational loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses -

(A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred,

(B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and

C) which are attributable to education furnished during a period during with the recipient was an eligible student.

The term "taxpayer" is a defined term under the Internal Revenue Code as "any person subject to any internal revenue tax." 26 U.S.C. Section 7701(a)(14). The question as to who is subject to a tax appears to have been answered in Morse v. United States, 494 F.2d 876, 880 (9th Cir., 1974). Thus, even though a nonresident alien may be required to file a return under 26 U.S.C. Section 6012, he or she will not become a taxpayer under the IRC unless a return is actually filed, regardless of whether a tax is due. Here, Mulley was not a resident

of the United States when she was an eligible student, having been born and resided in Canada at all times during the time she attended school and obtained the Canadian loans, and thus that indebtedness would not qualify as an eligible student loan that cannot be discharged under Section 523(a)(8). If she was not a taxpayer, then the loan extended to her could not have qualified under 26 U.S.C. Section 221(d) and would not be a student loan under 11 U.S.C. Section 523(a)(8).

In In re LeBlanc, supra, the Debtor/Defendant argued that she could not be the recipient of an educational loan as defined, since at all material times she was a Canadian citizen, and not a "taxpayer" under the IRC. The Court agreed with the Debtor in determining that as a Canadian citizen at the time the loans were incurred, they were not student loans as defined by Section 523(a)(8). LeBlanc at 797.

Further, this debt has not been treated as a student loan as it would be under U.S. law, as Mulley has never been sent yearly tax forms indicating how much interest has been paid on the loans allowing her to write off interest paid on the loans. [Mulley Declaration, paragraph 11].

### III

### THE LOANS IN QUESTION WOULD BE DISCHARGED

### UNDER CANADIAN LAW

Canadian bankruptcy law, similar to that of American bankruptcy law, is designed to wipe out the outstanding debts of an individual and to give the debtor a "fresh start". The Bankruptcy and Insolvency Act provides that certain kinds of debts survive a bankruptcy and remain outstanding even after discharge, including (a) fines imposed

7

by a court, (b) alimony, maintenance and support payments, © damage awards arising from civil proceedings for bodily harm, sexual assualt or wrongful death or (d) debts and liabilities arising out of fraud. Bankruptcy and Insolvency Act, R.S.C, 1985, 178 as amended.

Dischargeability of student loans in Canada, however, are treated differently than student loan debts under the Bankruptcy Code. Sections 178(1)(g) and (h) and 178(1.1) of the Canadian Bankruptcy and Insolvency Act provides as follows:

(g) any debt or obligation in respect of a loan made under the Canada Student Loans Act, the Canada Student Financial Assistance Act or any enactment of a province that provides for loans or guarantees of loans to students where the date of bankruptcy of the bankruptcy occurred

    i.  before the date on which the bankrupt ceased to be a full or part-time student, as the case may be, under the applicable Act or enactment, or

    ii. within seven years after the date on which the bankrupt ceased to be a full or part-time student; or

(h) any debt for interest owed in relation to an amount referred to in any of paragraphs (a) to (g).

Thus under Canadian law, Mulley, who finished her education in Canada prior to June, 2007, would be eligible for discharge of the student loans had she filed bankruptcy in Canada. It would be patently unfair that the loans incurred in her native country would be discharged, but the assignee of the lender could continue to chase her because she chose to live in the United States.

8

**CONCLUSION**

Since the loans in question do not meet the definition of an eligible student loan under Section 523(a)(8), the loan obligations must be discharged.

DATED: December 9, 2015

                                  LAW OFFICES OF DAVID S. HAGEN

                                  BY: /s/ DAVID S. HAGEN
                                      DAVID S. HAGEN, Attorney for
                                      Defendant Susan J Mulley

9

## DECLARATION OF SUSAN J MULLEY

I, SUSAN J MULLEY hereby declare and state as follows:

1. I am the Defendant in this proceeding and have personal knowledge of the facts set forth herein.

2. I was born in Canada and attended my higher education at the University of Guelph, in Ontario province, Canada. I graduated high school in 1975. The first loan was made when Mulley entered the University of Guelph after high school.

3. I left school in May, 1977 to get married.

4. I returned to the University of Guelph as a full time student in 1984 as a single mother and completed a Bachelor of Arts and Bachelor of Science in 1987.

5. I continued on in school from 1987 to 1994 and completed two graduate degrees.

6. In 1994 I was informed that my student loan support was denied due to "timing out" despite continued status as a full time student at the University of Guelph.

7. From 1994 to 2007 I continued as a full time student and earned two additional degrees.

8. In May, 2007, I graduated from the University of Guelph with a PhD.

9. In January, 2008, I began my employment as a teacher at California State Polytechnic University Pomona.

10. At the time that the loans were disbursed to me, I was a native resident of Canada..

11. I was not required to file American tax returns until I resided here and earned income here. At no time have I ever received

statements of interest paid on my student loans allowing me to deduct that interest against my income for federal tax purposes.

    I declare under penalty of perjury that the foregoing statements are true and correct, and I could, if called upon, competently testify thereto.

DATED: December __, 2015

_____
SUSAN J MULLEY

11

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16830 Ventura Blvd, Suite 500, Encino, CA 91436-1795

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/05/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
   Brad Krasnoff, Trustee:            kmcdaniel@dgdk.com
   UST (LA)                                   ustpregion16.la.ecf@usdoj.gov

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 01/05/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
   Kristin A. Ingulsrud, Attorney for Plaintiff
   Law Offices of H. Michael Soroy
   11766 Wilshire Blvd., Suite 270
   Los Angeles, CA 90025-6537

   ☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/05/2016 | DAVID S. HAGEN | /S/ DAVID S. HAGEN |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**