H. Michael Soroy, Esq. (SBN 153 944)
Kristin A. Ingulsrud, Esq. (SBN 294 532)
LAW OFFICES OF H. MICHAEL SOROY
11766 Wilshire Boulevard, Suite 270
Los Angeles, California 90025-6537
Telephone: (310) 444-7750
Facsimile: (310) 312-1034
E-mail: office@soroylaw.com

Attorneys for Plaintiff,
THE ATTORNEY GENERAL OF CANADA

**FILED**

JAN 05 2016

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>SUSAN J. MULLEY,<br><br>        Debtor.<br><br>THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,<br><br>        Plaintiff,<br><br>v.<br><br>SUSAN J. MULLEY,<br><br>        Defendant. | Case No.: 2:15-bk-17484-RK<br>Chapter 7<br><br>Adv. Case No.: 2:15-ap-01446-RK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>Date:       January 26, 2016<br>Time:      3:00 p.m.<br>Court:     1675<br>Judge:    Hon. Robert Kwan |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR RESPECTIVE

ATTORNEY(S) OF RECORD:

///

1    Plaintiff submits the following Opposition to Defendant SUSAN J. MULLEY'S

2   MOTION FOR SUMMARY JUDGMENT ("Debtor's Motion"):

3   **I.    INTRODUCTION**

4       There are no substantial disputes as to the underlying facts.  Debtor entered into a series

5   of guaranteed Canadian student loans.  The Attorney General of Canada sought and obtained

6   enforcement of a Canadian judgment in California.  Debtor now seeks to discharge her student

7   loans through the underlying Chapter 7.  Plaintiff makes no objections to the Statement of

8   Genuine Issues of Fact and Conclusions of Law filed by Debtor in support of her Motion.

9       Debtor cites no authority in her Motion to support her proposition to disqualify the debt

10   as student loans or apply Canadian law within a United States bankruptcy proceeding.

11   **II.    ARGUMENT**

12       **A.    Debtor Does Not Need to Meet the "Taxpayer" Definition of the Internal**

13   **Revenue Code.**

14       Debtor cites *In re LeBlanc* to support its position that Debtor's student loans are not

15   exempt from discharge under 11 U.S.C. 523(a).  404 B.R. 793 (Bankr. M.D., Pa, 2009).  *In re*

16   *LeBlanc* concerned an educational loan made by a Canadian corporation to an individual.  *Id.*

17   Thus, the creditor had to rely on section 523(a)(2)(B), which excepts educational loans from

18   discharge as defined in section 221(d)(1) of the Internal Revenue Code of 1986.  As detailed in

19   Debtor's memorandum of points and authorities, section 221(d)(1) limits qualified educational

20   loans to those incurred by a *taxpayer*.

21       *In re LeBlanc* is not relevant to the present case because Defendant Mulley's loans were

22   financed by the Canadian government, a governmental unit.  Thus, Plaintiff Attorney General is

23   able to rely on a different code section than the private corporation in *In re LeBlanc*.

24       523(a)(8)(A)(i) ("section A") provides that "an educational benefit overpayment or loan

25   made, insured, or guaranteed by a governmental unit" is not dischargeable.  This section

26   precedes 523(a)(8)(B) ("section B"), the section relied upon in *In re LeBlanc*.

27       Notably, "governmental unit" is not limited to the United States.  11 U.S.C. 101, which

28   provides definitions for title 11 of the code, defines "governmental unit" as:

OPPOSITION TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT

1   United States; State; Commonwealth; District; Territory;

2   municipality; foreign state; department, agency, or instrumentality

3   of the United States (but not a United States trustee while serving

4   as a trustee in a case under this title), a State, a Commonwealth, a

5   District, a Territory, a municipality, or a foreign state; or other

6   foreign or domestic government.

7   By the code's own definition, 523(a)(8)(A)(i) use of the term "governmental unit"

8   actually means "governmental unit" as commonly understood and is not limited to the United

9   States.  Canada undoubtedly qualifies as a "foreign state."  Debtor's Canadian student loans are

10   not dischargeable.

11   Unlike section A, section B does not require the creditor to qualify as a "governmental

12   unit".  The creditor in **In re LeBlanc** had to rely on section B to except the loans from discharge

13   because it was a corporation.  Because Canada qualifies as a governmental unit, Plaintiff here

14   can rely on Section A which does not require that Debtor qualify as a "taxpayer".

15   **B.**     **Debtor Does Not Cite Any Authority as to Why Canadian Law Should**

16   **Trump United States Law within a United States Bankruptcy Proceeding.**

17   This Court is tasked with determining whether the Canadian student loan qualifies as a

18   nondischargeable debt under United States law.  Section 523(a)(8)(A) makes clear that

19   government student loans are not dischargeable.  The law also makes clear that "governmental

20   unit" includes foreign nations.

21   The question at hand is not whether a debt could potentially discharged in Canada

22   through its own bankruptcy mechanisms.  This Court does not have the authority to discharge

23   the validity of Debtor's underlying indebtedness to a foreign State, but only to decide on how

24   the debt will be treated by the United States Bankruptcy Court.  This law is clear on this end,

25   and it would be misplaced for this Court to cherry-pick a provision of Canadian law and apply it

26   within a United States bankruptcy proceeding, whilst ignoring all other Canadian bankruptcy

27   laws, procedures, and the sovereignty of the Canadian government.

28   ///

OPPOSITION TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT

1  **IV.    CONCLUSION**

2          Based upon the foregoing, Plaintiff Attorney General of Canada respectfully requests that

3  the Court deny Debtor's Motion for Summary Judgment and find that Debtor's Canadian student

4  loans are nondischargeable.

5

6  DATED: January 4, 2016                    LAW OFFICES OF H. MICHAEL SOROY

7

8

9                                   By: _____
                                        H. Michael Soroy, Esq.
10                                      Kristin A. Ingulsrud, Esq.
                                        Attorneys for Plaintiff,
11                                      THE ATTORNEY GENERAL OF CANADA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd. #270
Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___01/05/2016___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Law Offices of David S. Hagen
16830 Ventura Blvd., Suite 500
Encino, CA 91436-1795

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1-5-16__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE ROBERT KWAN          Brad D. Krasnoff, Trustee
255 E. Temple Street       jmcdaniel@dgdk.com
SUITE 1682, Courtroom 1675
Los Angeles, CA 90012      United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/05/2016 | Kristin Ingulsrud | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.