FILED & ENTERED

JAN 25 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> **SUSAN J. MULLEY,** <br><br> Debtor. | Case No. 2:15-bk-17484-RK <br><br> Chapter 7 <br><br> Adv. No. 2:15-ap-01446-RK |
| **THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,** <br><br> Plaintiff. <br><br> vs. <br><br> **SUSAN J. MULLEY,** <br><br> Defendant. | **ORDER CONTINUING HEARINGS ON CROSS-MOTIONS FOR SUMMARY JUDGMENT, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND STATUS CONFERENCE SET FOR JANUARY 26, 2016 AND RESETTING BRIEFING AND HEARING SCHEDULE** |

Pending before the court in the adversary proceeding to determine debt dischargeability under 11 U.S.C. § 523(a)(8) are the motion of Plaintiff The Attorney General of Canada on Behalf of her Majesty the Queen in Right of Canada as Represented by the Minister of National Revenue, a Canadian governmental entity ("Plaintiff"), for summary judgment ("Plaintiff's MSJ"), ECF 11, and the motion of

Defendant, Susan J. Mulley ("Defendant"), for summary judgment ("Defendant's MSJ"), ECF 8, which are cross-motions.  H. Michael Soroy and Kristin A. Ingulsrud, of Law Offices of H. Michael Soroy, represent Plaintiff.  David S. Hagen, of Law Offices of David S. Hagen, represents Defendant.

Having reviewed the moving and opposing papers for the cross-motions, the court determines that because the papers for both cross-motions, Plaintiff's MSJ and Defendant's MSJ, are procedurally deficient, the hearings on both Plaintiff's MSJ and Defendant's MSJ, as well as the status conference in this matter, are to be continued and the briefing schedule is to be reset in light of the deficiencies described below.  No appearances will be required on January 26, 2016 at 3:00 p.m.

Under Local Bankruptcy Rule ("LBR") 7056-1(b)(2)(A), "[t]he movant must serve, file, and lodge with the motion for summary judgment or partial summary adjudication a proposed statement of uncontroverted facts and conclusions of law and a separate proposed summary judgment."  Under LBR 7056-1(b)(2)(B), "[u]nless otherwise ordered by the court, the proposed statement of uncontroverted facts and conclusions of law must be filed and also lodged electronically via LOU [i.e., the court's Lodged Order Upload program, LBR 9001-1(a)(28) and (29)].  The statement must identify each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish each such fact."

For Plaintiff's MSJ, Plaintiff filed a document entitled "Statement of Undisputed Facts," ECF 14, which does not comport with the substantive requirements of LBR 7056-1(b)(2)(A) for a proposed statement of uncontroverted facts and conclusions of law because it only contains the proposed statement of uncontroverted, or undisputed, facts and does not contain the proposed statement of conclusions of law.  Moreover, Plaintiff for Plaintiff's MSJ: (1)  failed to lodge its proposed statement of uncontroverted facts and conclusions of law as required by LBR 7056-1(b)(2)(A); (2) failed to lodge a separate

1  proposed judgment as required by LBR 7056-1(b)(2)(A); and (3) failed to lodge
2  electronically via LOU its proposed statement of uncontroverted facts and conclusions of
3  law as required by LBR 7056-1(b)(2)(B).
4       For Defendant's MSJ, Defendant failed to file and lodge her proposed statement of
5  uncontroverted facts and conclusions of law as required by LBR 7056-1(b)(2)(A) and
6  failed to lodge electronically via LOU her proposed statement of uncontroverted facts and
7  conclusions of law as required by LBR 7056-1(b)(2)(B), but as discussed below,
8  Defendant may have filed such a document under an erroneous title.
9       Under LBR 7056-1(c)(2)(A), "[t]he respondent must serve, file, and lodge a
10 separate concise statement of genuine issues with the response."  Under LBR 7056-
11 1(c)(2)(B), "[u]nless otherwise ordered by the court, the respondent's statement of
12 genuine issues must be lodged electronically via LOU.  The respondent's statement must
13 identify each material fact that is disputed and cite the particular portions of any pleading,
14 affidavit, deposition, interrogatory answer, admission, or other document relied upon to
15 establish the dispute and the existence of a genuine precluding summary judgment or
16 adjudication."
17      For Plaintiff's MSJ, although the court did receive a judge's copy of Defendant's
18 Statement of Genuine Issues of Fact and Conclusions of Law in Support of Motion for
19 Summary Judgment, which is the title of ECF 9 on the court's docket, the court notes that
20 ECF 9 only contains the proof of service for the document and not the actual document,
21 the Statement of Genuine Issues of Fact and Conclusions of Law in Support of Motion for
22 Summary Judgment, which is not on the docket.  Moreover, as reflected on the judge's
23 copy of Defendant's Statement of Genuine Issues of Fact and Conclusions of Law in
24 Support of Motion for Summary Judgment, the document appears to be improperly titled,
25 that is, the facts listed in this document do not match the facts as those listed in Plaintiff's
26 Statement of Undisputed Facts.  Thus, it appears that Defendant's Statement of Genuine
27 Issues of Fact and Conclusions of Law in Support of Motion for Summary Judgment is
28

1 really the proposed statement of uncontroverted facts and conclusions of law for
2 Defendant's MSJ under LBR 7056-1(b)(2)(A) and not Defendant's Statement of Genuine
3 Issues required for Plaintiff's MSJ under LBR 7056-1(c)(2)(A) and (B). If this is so, the
4 court also notes that the document, though filed, was not lodged in compliance with LBR
5 7056-1(b)(2)(A) and (B).
6       Also, if this were so, it would mean that Defendant failed to file and lodge a
7 statement of genuine issues as required by LBR 7056-1(c)(2)(A) and (B). Defendant in
8 her opposition to Plaintiff's MSJ states, "Basically, the underlying facts are primarily
9 undisputed." Defendant's Opposition to Plaintiff's MSJ, ECF 16 at 2. (Saying that the
10 "underlying facts are primarily undisputed" is vague and ambiguous, and thus, not legally
11 significant (i.e., which facts are "underlying", and which of these are "primarily
12 undisputed" as opposed to being secondarily disputed? If Defendant does not dispute
13 any of Plaintiff's asserted uncontroverted facts, she should clearly say so, and if not, she
14 should identify which ones are disputed in a document called Statement of Genuine
15 Issues as required under LBR 7056-1(c)(2)(A) and (B).). Defendant further stated:
16 "Defendant's opposition is set forth in her own motion for summary judgment, a copy of
17 which (without separately filed Statement of Genuine Issues of Fact and Conclusions of
18 Law, found on adversary docket as Item 9 and incorporated hereto as Exhibit 1.)" *Id.*
19 Needless to say, Defendant's pleadings are not in compliance with LBR 7056-1(b) and
20 (c) and have not been otherwise permitted by the court, and neither are Plaintiff's
21 pleadings in compliance under LBR 7056-1(b) and (c) either for Plaintiff's MSJ as
22 discussed previously or for Defendant's MSJ because it failed to file and lodge a
23 statement of genuine issues. The specification of disputed material issues of fact is
24 needed for the clarity of the record of proceedings on the summary judgment motions to
25 assist the court in determining whether a party has shown that there is no genuine issue
26 of material fact and is entitled to judgment as a matter of law, and such specification is
27 thus mandated by the court's rules which counsel is obligated to follow. LBR 7056-1; *see*
28

*also,* Federal Rule of Bankruptcy Procedure 7056, making Federal Rule of Civil Procedure 56(a) applicable to this adversary proceeding. At a prior status conference, the court had suggested to counsel that the parties submit the cross-motions on stipulated facts, but such suggestion was declined. *See* LBR 7056-1(e). It is not for counsel to take liberties and ignore or disregard the specified procedures in the applicable rules for moving or opposing a motion for summary judgment under LBR 7056-1 and Federal Rule of Bankruptcy Procedure 7056, making Federal Rule of Civil Procedure 56 applicable to this adversary proceeding.

Accordingly, in order to rectify the above-described procedural deficiencies of the parties in their cross-motions for summary judgment,

IT IS HEREBY ORDERED THAT:

1. The hearings on January 26, 2016 at 3:00 p.m. on both Plaintiff's MSJ and Defendant's MSJ, as well as the status conference in this adversary proceeding also set for January 26, 2016 at 3:00 p.m., are continued to March 15, 2016 at 3:00 p.m. before the undersigned United States Bankruptcy Judge in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California. No appearances are required on January 26, 2016.

2. Plaintiff must file and lodge an amended proposed statement of uncontroverted facts and conclusions of law in support of Plaintiff's MSJ, which includes a statement of conclusions of law, in compliance with LBR 7056-1(b)(2)(A) on or before February 2, 2016. Such filing and lodging must also be electronic via LOU as required by LBR 7056-1(b)(2)(B).

3. Plaintiff must lodge a separate proposed summary judgment in support of Plaintiff's MSJ, which includes a statement of conclusions of law, in compliance with LBR 7056-1(b)(2)(A) on or before February 2, 2016.

4. Plaintiff must file and lodge a proper statement of genuine issues in response to Defendant's MSJ in compliance with LBR 7056-1(c)(2)(A) on or before February

5

23, 2016. Such lodging must also be electronic via LOU as required by LBR 7056-1(c)(2)(B). Plaintiff may not incorporate by reference its proposed statement of uncontroverted facts and conclusions of law for Plaintiff's MSJ as its statement of genuine issues for Defendant's MSJ. If Plaintiff does not dispute Defendant's amended proposed statement of uncontroverted facts and conclusions of law, it must state in its statement of genuine issues that it expressly admits each fact that it does not dispute.

5. Plaintiff may file an amended reply to Defendant's opposition, ECF 15, on or before March 1, 2016.

6. Defendant must file and lodge a properly titled amended proposed statement of uncontroverted facts and conclusions of law in support of Defendant's MSJ in compliance with LBR 7056-1(b)(2)(A) on or before February 2, 2016. Such filing and lodging must also be electronic via LOU as required by LBR 7056-1(b)(2)(B).

7. Defendant must file and lodge a proper amended statement of genuine issues in response to Plaintiff's MSJ in compliance with LBR 7056-1(c)(2)(A) on or before February 23, 2016. Such lodging must also be electronic via LOU as required by LBR 7056-1(c)(2)(B). Defendant may not incorporate by reference her proposed statement of uncontroverted facts and conclusions of law for Defendant's MSJ as her statement of genuine issues for Plaintiff's MSJ. If Defendant does not dispute Plaintiff's amended proposed statement of uncontroverted facts and conclusions of law, she must state in her statement of genuine issues that she expressly admits each fact that she does not dispute.

8. Defendant may file a reply to Plaintiff's opposition, ECF 16, on or before March 1, 2016.

///

1  9. No other pleadings relating to the cross-motions may be filed or lodged without
2  prior approval of the court.
3  IT IS SO ORDERED.

###

Date: January 25, 2016

_____
Robert Kwan
United States Bankruptcy Judge