LAW OFFICES OF DAVID S. HAGEN
DAVID S. HAGEN - SBN 110588
16830 Ventura Blvd., Suite 500
Encino, California 91436-1795
(818) 990-4416
Fax: (818) 990-5680

Attorney for Defendant

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SUSAN J MULLEY,<br>               Debtor.<br><br>─────────────────────────────<br><br>THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,<br><br>               Plaintiff,<br><br>v.<br><br>SUSAN J MULLEY,<br><br>               Defendant.<br>─────────────────────────────| No. 2:15-bk-17484-RK<br>    Chapter 7<br><br>Adv. 2:15-ap-01446-RK<br><br>**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: January 26, 2016<br>Time: 3:00 p.m.<br>Court: 1675 |

Pursuant to Local Bankruptcy Rule ("LBR") 7056-1c) Defendant Susan J. Mulley ("Defendant") hereby submits the following Statement of Genuine Issues of Fact in support of her Motion for Summary Judgment filed concurrently herewith.

1

|   | **FACTS** | **EVIDENCE** |
|---|---|---|
| 1 | Between 1975 and 1994 Defendant entered into a series of guaranteed Canadian student loan agreements with the Canadian Imperial Bank ("Lender") under which the Lender disbursed to Defendant student loans totaling $56,140. The first loan was made when Defendant entered the University of Guelph after high school | Complaint, paragraph 5 and Exhibit A to Complaint; Mulley Declaration, paragraph 2. |
| 2 | Defendant left school in May 1977 to get married. | Mulley Declaration, paragraph 3. |
| 3 | Defendant returned to the University of Guelph as a full time student in 1984 as a single mother and completed a Bachelor of Arts and Bachelor of Science in 1987. | Mulley Declaration, paragraphs 4 and 5. |
| 4 | Defendant continued on in school from 1987 to 1994 and completed two graduate degrees. | Mulley Declaration, paragraph 5. |
| 5 | In 1994 Defendant was informed that her student loan support was denied due to "timing out" despite continued status as a full time student at the University of Guelph. | Mulley Declaration, paragraph 6. |

| | | |
|---|---|---|
| 6 | From 1994 to 2007 Defendant continued as a full time student and earned two additional degrees. | Mulley Declaration, paragraphs 7 and 8. |
| 7 | In May 2007, Defendant graduated from the University of Guelph with a PhD. | Mulley Declaration, paragraph 8. |
| 8 | In January, 2008 Defendant began her employment as a teacher at California State Polytechnic University Pomona. | Mulley Declaration, paragraph 9. |
| 9 | After Defendant ceased to be a full time student, Defendant became liable to pay interest accruing on the loans. | Complaint, paragraph 6. |
| 10 | As Defendant opted to not pay or failed to pay the interest accruing, such interest was added to and beame part of the principal amount of the loans. | Complaint, paragraph 7. |
| 11 | In or about 2004 the Lender prepared a student loan consolidation agreement form in anticipation of Defendant complying with the requirements to consolidate all loans within six months of being a full time student.  Defendant failed to execute the consolidation agreement. | Complaint, paragraph 8. |

3

| | | |
|---|---|---|
| 12 | Because Defendant did not enter into the consolidated agreement, the Lender alleges to have sent a demand for full payment of her Canadian student loan in the amount of $65,328.70 plus interest at 2.5% from November 1, 2004. | Complaint, paragraph 9. |
| 13 | Defendant did not make payments and the Lender then submitted a Claim for Loss to Human Resources and Skills Development Canada on April 14, 2005 with respect to the federal Canadian loans disbursed to Defendant.  On or about May 12, 2005 the Canadian government paid the Lender the sum of $51,680.91 which consisted of the principal amount of $49,885.41 plus interest in the sum of $1,780.50 and costs of $15.00. | Complaint, paragraph 10. |

| | | |
|---|---|---|
| 14 | By virtue of the government's payment to the Lender, the Canadian government became subrogated in and to all the rights of the Lender in respect of the outstanding guaranteed Canadian loans made to Defendant. Accordingly, Defendant's obligation on the student loans became a debt owing to the Canadian government. | Complaint, paragraph 11. |
| 15 | On or about January 23, 2008, judgment was entered by the Ontario Superior Court in favor of the Canadian Attorney General against Defendant in the amount of $62,577.89 and costs of $1,411.00 in Canadian dollars. | Complaint, paragraph 13. |
| 16 | The Canadian government engaged a private lawyer in California to enforce the Ontario judgment. | Complaint, paragraph 14. |
| 17 | On September 2, 2010, a default judgment was obtained against Defendant in the Los Angeles Superior Court in case number BC432993 in favor of the Canadian Attorney General in the amount of $71,830.16. | Complaint, paragraph 15. |

| 18 | Subsequent payments and garnishments by and against Defendant have reduced the balance to $59,051.49 | Complaint, paragraph 16. |
|---|---|---|
| 19 | At the time the loans were disbursed to Defendant, she was a native resident of Canada. | Mulley Declaration, paragraph 10. |
| 20 | Defendant was not required to file American tax returns until she earned income in the United States | Mulley Declaration, paragraph 11. |

## CONCLUSIONS OF LAW

1. The Defendant was not a United States citizen or resident when she obtained the student loans from Canadian Imperial Bank between 1975 and 1994.

2. Defendant was not required to file U.S. tax returns until she resided in the United States and earned income in the United States.

3. Because Defendant was not a U.S. taxpayer between 1975 and 1994, the student loans from Canadian Imperial Bank are not "qualified educational loans" as defined by Section 221(d)(1) of the Internal Revenue Code.

4. The Defendant's student loans are dischargeable pursuant to

///
///
///
///
///

Section 523(a)(8).

    DATED: December 9, 2015

                                             LAW OFFICES OF DAVID S. HAGEN

                                             BY: /s/ DAVID S. HAGEN
                                                DAVID S. HAGEN, Attorney for
                                                Defendant Susan J Mulley

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16830 Ventura Blvd., Suite 500, Encino, CA 91436-1795

A true and correct copy of the foregoing document entitled (*specify*): PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/25/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Brad Krasnoff, Trustee       jcmcdaniel@dgdk.com
UST (LA):                    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/25/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kristin A Ingulsrud (Atty for Plaintiff); Law Offices of H. Michael Soroy, 11766 Wilshire Blvd.,, Suite 270,
Los Angeles, CA 90025-6537

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/25/2016 | DAVID S. HAGEN | /S/ DAVID S. HAGEN |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**