H. Michael Soroy, Esq. (SBN 153 944)
Kristin A. Ingulsrud, Esq. (SBN 294 532)
LAW OFFICES OF H. MICHAEL SOROY
11766 Wilshire Boulevard, Suite 270
Los Angeles, California 90025-6537
Telephone: (310) 444-7750
Facsimile: (310) 312-1034
E-mail: office@soroylaw.com

Attorneys for Plaintiff,
THE ATTORNEY GENERAL OF CANADA

**FILED**
FEB 03 2016
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SUSAN J. MULLEY,<br><br>Debtor.<br><hr>THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN J. MULLEY,<br><br>Defendant. | Case No.: 2:15-bk-17484-RK<br>Chapter 7<br><br>Adv. Case No.: 2:15-ap-01446-RK<br><br>**AMENDED PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:    March 15, 2016<br>Time:    3:00 p.m.<br>Court:   1675<br>Judge:   Hon. Robert Kwan |

Plaintiff ATTORNEY GENERAL OF CANADA ("Plaintiff", "Her Majesty", or "the Crown") submits the following Proposed Statement of Uncontroverted Facts and Conclusions of

1

PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Law in compliance with *Local Bankruptcy Rule* 7056-1(b)(2)(A) and as ordered by this Court's January 25, 2016 order.[1]

## I.   STATEMENT OF UNCONTROVERTED FACTS

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. The underlying Complaint concerns Canada Guaranteed student loans made pursuant to the *Canada Student Loans Act*, R.S.C. 1985, c. s-23, as amended (hereinafter "*CSLA*"), and its Regulations, as amended (hereinafter "*CSLRs*"). | Complaint for Nondischargeability of Debt Pursuant to 11 U.S.C. §523(a)(8) (hereinafter "Complaint") at ¶4, attached hereto as **Exhibit 1**; Defendant's Answer to Complaint Objecting to Dischargeability of Debt (523(a)(8) (hereinafter "Answer") at ¶1, attached hereto as **Exhibit 2**; Declaration of Jennifer Lee Trottier in Support of Default Judgment (hereinafter "Declaration of Trottier") at ¶1, attached hereto as **Exhibit 3**. |
| 2. Debtor Susan J. Mulley (hereinafter "Debtor") entered into a series of Guaranteed Canada student loan agreements with the Canadian Imperial Bank of Commerce (hereinafter the "Lender") under which the Lender disbursed to Debtor student loans totaling CA $56,140. Attached hereto and marked as Exhibit "A" are true and correct copies of the | Complaint at ¶5; Answer at ¶1; Exhibit A to the Complaint. |

---

[1] Plaintiff's attorney does not regularly appear in bankruptcy court and is not a CM/ECF user in any bankruptcy district. Plaintiff's documents are filed manually pursuant to the limited exception for attorneys under LBR 5005-4(c)(2).

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | Guaranteed Canada student loan agreements. | |
| | 3. After Debtor ceased to be a full time student, Debtor became liable to pay interest accruing on the Guaranteed Canada student loans. | Complaint at ¶6; Answer at ¶1. |
| | 4. As Debtor opted to not pay or failed to pay the interest accrued in this period, it was added to and became part of the principal amount of the Guaranteed Canada student loan. | Complaint at ¶7; Answer at ¶1. |
| | 5. The Lender prepared a student loan consolidation agreement form (hereinafter a "Consolidation Agreement") in anticipation of Debtor complying with the requirement to consolidate all loans within six months of ceasing to be a full-time student. The Consolidation Agreement is a document prepared by the Lender in the ordinary course of business with respect to Guaranteed Canada student loans which consolidated all Guaranteed Canada student loan agreements made to a borrower and sets out the terms and conditions for repayment of the consolidated loans. In breach of section 7 of the *CSLRs*, Debtor failed to enter into the Consolidation Agreement with the Lender. Pursuant to subsection 9(1) of the *CSLRs* and the terms of each Guaranteed Canada student loan agreement, the principal amount of the Guaranteed Canada student loan and interest accrued thereon became due and payable on the first day of the | Complaint at ¶8; Exhibit B to the Complaint; Declaration of Trottier at ¶9. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| seventh month after the month in which the Debtor ceased to be a full-time student. | |
| 6. Because Debtor did not enter into a Consolidation Agreement, the Lender sent a formal demand by certified mail to the Defendant for payment in full of her Federal Student loan in the amount of $65,328.70, plus interest at the rate of prime plus 2.5% from November 1, 2004. | Complaint at ¶9; Declaration of Trottier at ¶10. |
| 7. Debtor failed to maintain payments and comply with the formal demand sent by Lender, thus causing Lender to sustain a loss.  Therefore, Lender submitted a Claim for Loss (Schedule 6) to Human Resources and Skills Development Canada (previously Social Development Canada and Human Resources and Social Development Canada) dated April 14, 2005, with respect to the Guaranteed student loans disbursed to the Debtor. On or about May 12, 2005, the Crown paid the Lender the sum of $51,680.91, which consisted of the principal amount of $49,885.41, plus interest in the sum of $1,780.50 and costs of $15.00. | Complaint at ¶10; Declaration of Trottier at ¶11. |
| 8. By virtue of the Crown's payment and section 30 of the *CSLRs*, Her Majesty became subrogated in and to all the rights of the Lender in respect of the outstanding Guaranteed Canada student loan referred to herein.  Accordingly, Debtor's outstanding Canada student loan became a debt | Complaint at ¶11; Declaration of Trottier at ¶12. |

4
PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| owing to the Crown. | |
| 9. Her Majesty tasked the Attorney General of Canada with collecting the Debtor's unpaid guaranteed Student Loan. | Complaint at ¶12; Answer at ¶1. |
| 10. On or about January 23, 2008, Judgment was entered by the Ontario Superior Court of Justice in favor of Attorney General and against Debtor in the amount of $62,577.89 and costs of $1,411.00 in Canadian Dollars. | Complaint at ¶13; Answer at ¶1; Exhibit C to the Complaint. |
| 11. The Attorney General engaged the Law Offices of H. Michael Soroy to obtain a judgment enforceable against Debtor in the State of California. | Complaint at ¶14; Answer at ¶1. |
| 12. On September 2, 2010, the Law Offices of H. Michael Soroy obtained a default judgment in the amount of US $71,830.16 in the Los Angeles Superior Court, case number BC432993 against Debtor on behalf of the Attorney General. | Complaint at ¶15; Answer at ¶1; Exhibit D to the Complaint. |
| 13. Debtor's wages were garnished and the balance due has been reduced to $59,051.49. | Complaint at ¶16; Answer at ¶1. |
| 14. Debtor filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code on May 11, 2015, staying the garnishment of Debtor's wages. | Complaint at ¶17; Answer at ¶1. |
| 15. Debtor's only affirmative defenses to Plaintiff's Complaint is failure to state a cause of action and that foreign student loans are outside the scope of | Answer at ¶5–6. |

5

PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Section 523(a)(8). | |

## II.   CONCLUSIONS OF LAW

1. A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Bankr. P. 7056; Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

2. The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

3. Educational loans made, insured, or guaranteed by a governmental unit are not dischargeable. 11 U.S.C. §523(a)(8)(A).

4. "Governmental unit" is defined within title 11 to include foreign governments. 11 U.S.C. §101.

5. Educational loans made, insured, or guaranteed by the Canadian government are not dischargeable in a United States bankruptcy proceeding.

6. Accordingly, Plaintiff is entitled to summary judgment of nondischargeability of Debtor's debt as a matter of law under 11 U.S.C. §523(a)(8)(A).

DATED: February 2, 2016            LAW OFFICES OF H. MICHAEL SOROY

By: _____
H. Michael Soroy, Esq.
Kristin A. Ingulsrud, Esq.
Attorneys for Plaintiff
ATTORNEY GENERAL OF CANADA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd. #270
Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (specify): AMENDED PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) __02/02/2016__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Law Offices of David S. Hagen
16830 Ventura Blvd., Suite 500
Encino, CA 91436-1795

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) __02/02/2016__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE ROBERT KWAN
255 E. Temple Street
SUITE 1682, Courtroom 1675
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/02/2016 | Kristin Ingulsrud | _/s/_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**