United States Bankruptcy Court
Central District of California

The Attorney General Of Canada On Behalf,
Plaintiff

Adv. Proc. No. 15-01446-RK

Mulley,
Defendant

# CERTIFICATE OF NOTICE

District/off: 0973-2 User: admin Page 1 of 1 Date Rcvd: Apr 11, 2016
Form ID: pdf031 Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 13, 2016.

aty +Kristin A Ingulsrud, Law Offices of H Michael Soroy, 11766 Wilshire Blvd #270, Los Angeles, CA 90025-6566
aty +Michael Soroy, 11766 Wilshire Blvd. Ste 460, Los Angeles, CA 90025-6547
aty +Peter C Ver Halen, Law Offices of H Michael Soroy, 11766 Wilshire Blvd Ste 270, Los Angeles, CA 90025-6566
dft +Susan J Mulley, 1835 N. Oxford Ave., Pasadena, CA 91104-1519

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
pla The Attorney General Of Canada On Behalf Of Her Ma
TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 13, 2016 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 11, 2016 at the address(es) listed below:

Brad D Krasnoff (TR) jmcdaniel@dgdk.com, bkrasnoff@ecf.epiqsystems.com
David S Hagen on behalf of Defendant Susan J Mulley go4broq@earthlink.net
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

TOTAL: 3

FILED & ENTERED

APR 11 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SUSAN J. MULLEY,<br><br>Debtor. | Case No. 2:15-bk-17484-RK<br><br>Chapter 7<br><br>Adv. No. 2:15-ap-01446-RK |
| THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,<br><br>Plaintiff,<br>vs.<br><br>SUSAN J. MULLEY,<br><br>Defendant. | **SEPARATE STATEMENT OF DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT** |

Pending before the court are the parties' cross-motions for summary judgment. Having reviewed the cross-motions for summary judgment, the parties' proposed statements of uncontroverted facts and conclusions of law, the responses thereto, and the other papers and pleadings filed in this adversary proceeding, the

court rules as follows.

As set forth in the separately adopted statement of uncontroverted facts and conclusions of law filed concurrently herewith, the material facts are undisputed that Defendant Susan J. Mulley, Debtor, took out student loans from the Canadian Imperial Bank of Commerce, which were guaranteed by the Government of Canada. Defendant defaulted on these loans and the Government of Canada paid the lender bank for the defaulted loans based on its guarantee. The Government of Canada became subrogated to the lender bank, and Plaintiff, the Attorney General of Canada, on behalf of the Government of Canada, filed this adversary proceeding to determine that Defendant's student loan debts are excepted from discharge pursuant to 11 U.S.C. § 523(a)(8).

Based on the separately adopted statement of uncontroverted facts and conclusions of law, Plaintiff is entitled to summary judgment because there are no genuine issues of fact and he is entitled to judgment as a matter of law because the subject debts are not discharged in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(8)(A) as the debts are for an educational benefit loan made, insured or guaranteed by a governmental unit, which includes the Government of Canada, pursuant to 11 U.S.C. § 101(27), unless Defendant, Debtor, has obtained a determination that excepting these debts from discharge would impose an undue hardship on her and her dependents. *See Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 450 (2004) (stating "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt"). There is no evidence that Defendant has obtained such an undue hardship determination. Although 11 U.S.C. § 523(a)(8) is "self-executing" as the Supreme Court observed in *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. at 450 (citation omitted), Plaintiff may properly seek declaratory relief determining the

dischargeability of the student loan debts owed by Defendant to the Government of Canada pursuant to Federal Rule of Bankruptcy Procedure 7001(6) and (9). Thus, Plaintiff's motion for summary judgment should be granted. However, in granting Plaintiff's motion for summary judgment, the court is mindful that in the future, Defendant could demonstrate that for changed circumstances, for example, exception of the debts from discharge would impose an undue hardship on her and her dependents, which would warrant relief pursuant to 11 U.S.C. § 523(a)(8)(A). Thus, the judgment in favor of Plaintiff and against Defendant is without prejudice to Defendant seeking a determination of undue hardship in the future, but meanwhile, until such determination of undue hardship is obtained, the debts are excepted from discharge.

Defendant in support of her motion for summary judgment that the debts are not excepted from discharge on grounds that the subject debts were not "qualified educational loans" under 11 U.S.C. § 523(a)(8)(B). Defendant's Motion for Summary Judgment, Docket No. 8 at 5-7, *citing, In re LeBlanc,* 404 B.R. 793 (Bankr. M.D. Pa. 2009). The case is factually distinguishable from *LeBlanc* because unlike here, the student loans in that case were not educational loans made, insured or guaranteed by a governmental unit covered under 11 U.S.C. § 523(a)(8)(A). Whether or not Defendant has a colorable argument on a defense based on 11 U.S.C. § 523(a)(8)(B) has no effect on the determination that the debts are excepted from discharge of the debts pursuant to 11 U.S.C. § 523(a)(8)(A), which determination by itself is dispositive. Moreover, Defendant's argument that she would have qualified for a discharge of these debts if she filed for bankruptcy in Canada under the Canadian Bankruptcy and Insolvency Act, as amended, R.S.C., 1985, c. B-3, § 168.1, lacks merit because she filed for bankruptcy in the United States, and not in Canada, and the United States Bankruptcy Code, 11 U.S.C., applies to her

bankruptcy case, not the Canadian Bankruptcy and Insolvency Act. Defendant's Motion for Summary Judgment, Docket No. 8 at 7-8. Thus, Defendant has failed to show that she is entitled to judgment as a matter of law, and therefore, her cross-motion for summary judgment should be denied.

For the foregoing reasons, it is hereby ordered as follows:

1. Plaintiff's motion for summary judgment is granted.
2. Defendant's motion for summary judgment is denied.
3. A separate judgment will be entered in favor of Plaintiff and against Defendant consistent with this order herein.

IT IS SO ORDERED.

###

Date: April 11, 2016

Robert Kwan
United States Bankruptcy Judge