United States Bankruptcy Court
Central District of California

The Attorney General Of Canada On Behalf,
    Plaintiff

Adv. Proc. No. 15-01446-RK

Mulley,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 0973-2      User: admin      Page 1 of 1      Date Rcvd: Apr 11, 2016
                         Form ID: pdf031     Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 13, 2016.
```
aty          +Kristin A Ingulsrud,   Law Offices of H Michael Soroy,    11766 Wilshire Blvd #270,
               Los Angeles, CA 90025-6566
aty          +Michael Soroy,   11766 Wilshire Blvd. Ste 460,   Los Angeles, CA 90025-6547
aty          +Peter C Ver Halen,   Law Offices of H Michael Soroy,   11766 Wilshire Blvd Ste 270,
               Los Angeles, CA 90025-6566
dft          +Susan J Mulley,   1835 N. Oxford Ave.,   Pasadena, CA 91104-1519
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
pla          The Attorney General Of Canada On Behalf Of Her Ma
                                     TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 13, 2016                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 11, 2016 at the address(es) listed below:
```
              Brad D Krasnoff (TR)    jmcdaniel@dgdk.com, bkrasnoff@ecf.epiqsystems.com
              David S Hagen   on behalf of Defendant Susan J Mulley go4broq@earthlink.net
              United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
```
                                       TOTAL: 3

FILED & ENTERED

APR 11 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SUSAN J. MULLEY,<br><br>　　　　　Debtor. | Case No. 2:15-bk-17484-RK<br><br>Chapter 7<br><br>Adv. No. 2:15-ap-01446-RK |
| THE ATTORNEY GENERAL OF CANADA ON BEHALF OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF NATIONAL REVENUE, a Canadian governmental entity,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>SUSAN J. MULLEY,<br><br>　　　　　Defendant. | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:　　　March 15, 2016<br>Time:　　　3:00 p.m.<br>Courtroom: 1675<br>Judge:　　Hon. Robert N. Kwan |

　　Having reviewed the motion of Plaintiff, The Attorney General of Canada on behalf

of Her Majesty The Queen as Represented by the Minister of National Revenue, a

///

1

Canadian governmental entity ("Plaintiff", "Her Majesty", or "the Crown")[1] for summary judgment (Docket No. 11), the opposition of Defendant Susan J. Mulley, Debtor, thereto (Docket No. 15), Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law (Docket No. 21) and Defendant's Response thereto (Docket No. 22), the other papers and pleadings in this adversary proceeding, the court hereby adopts the following statement of uncontroverted facts and conclusions of law:

**I.    STATEMENT OF UNCONTROVERTED FACTS**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| **1.** The underlying Complaint concerns Canada Guaranteed student loans made pursuant to the *Canada Student Loans Act*, R.S.C. 1985, c. S-23, as amended (hereinafter "*CSLA*"), and its Regulations, as amended (hereinafter "*CSLRs*"). | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 1 (Docket No. 21); Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1 (Docket No. 22) ("Defendant does not dispute the recitation of facts set forth in Plaintiff's [Amended] Statement of Uncontroverted Facts and Conclusions of Law . . . ."); Complaint for Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(8) (hereinafter "Complaint") as ¶ 4 (Docket No. 1); Defendant's Answer to Complaint Objecting to Dischargeability of Debt 523(a)(8) (hereinafter "Answer") at ¶ 1, (Docket No. 6); Declaration of Jennifer Lee Trottier in Support of Default Judgment (hereinafter "Declaration of Trottier") at ¶ 1, attached thereto as Exhibit 3 to Plaintiff's Statement of Undisputed Facts (Docket No. 14). |

---

[1] The references to "Her Majesty" and "the Crown" are to Elizabeth II, the Monarch of Canada, who is the Head of State of Canada. *See* "The Monarch" on the website of the Government of Canada at http://canada.pch.gc.ca.eng/1444999464289 (accessed on April 9, 2016); *see also,* The [Canada] Constitution Act, 1867, 30 & 31 Victoria, c. 3 (U.K.).

2

| | |
|---|---|
| **2.** Defendant Susan J. Mulley, Debtor (hereinafter "Defendant") entered into a series of Guaranteed Canada student loan agreements with the Canadian Imperial Bank of Commerce (hereinafter the "Lender") under which the Lender disbursed to Defendant student loans totaling CAD (Canadian Dollars) 56,140. True and correct copies of these Guaranteed Canada student loan agreements are attached as Exhibit A to Complaint. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 2 ; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 5 and Exhibit A attached thereto; Answer at ¶ 1. |
| **3.** After Defendant ceased to be a full time student, she became liable to pay interest accruing on the Guaranteed Canada student loans. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 3; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 6; Answer at ¶ 1. |
| **4.** As Defendant opted to not pay, or failed to pay, the interest accrued in this period, it was added to and became part of the principal amount of the Guaranteed Canada student loans. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 4; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 7; Answer at ¶ 1. |

3

| | |
|---|---|
| **5.** The Lender prepared a student loan consolidation agreement form (hereinafter a "Consolidation Agreement") in anticipation of Defendant complying with the requirement to consolidate all loans within six months of ceasing to be a full-time student.  The Consolidation Agreement is a document prepared by the Lender in the ordinary course of business with respect to Guaranteed Canada student loans which consolidated all Guaranteed Canada student loan agreements made to a borrower and sets out the terms and conditions for repayment of the consolidated loans.  In breach of section 7 of the *CSLRs*, Defendant failed to enter into the Consolidation Agreement with the Lender. Pursuant to subsection 9(1) of the *CSLRs*, Defendant failed to enter into the Consolidation Agreement with the Lender. Pursuant to subsection 9(1) of the *CSLRs* and the terms of each Guaranteed Canada student loan agreement, the principal amount of the Guaranteed Canada student loans and interest accrued thereon became due and payable on the first day of the seventh month after the month in which the Defendant ceased to be a full-time student. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 5; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 8 and Exhibit B attached thereto; Declaration of Trottier at ¶ 9. |
| **6.** Because Defendant did not enter into a Consolidation Agreement, the Lender sent a formal demand by certified mail to the Defendant for payment in full of her Federal [Canadian Guaranteed] Student loans in the amount of CAD 65,328.70, plus interest at the rate of prime plus 2.5% from November 1, 2004. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 6; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 9; Declaration of Trottier at ¶ 10. |

| | |
|---|---|
| **7.** Defendant failed to maintain payments and comply with the formal demand sent by Lender, thus causing Lender to sustain a loss.  Therefore, Lender submitted a Claim for Loss (Schedule 6) to Human Resources and Skills Development Canada (previously Social Development Canada and Human Resources and Social Development Canada) dated April 14, 2005, with respect to the Guaranteed student loans disbursed to Defendant.  On or about May 12, 2005, the Crown paid the Lender the sum of $51,680.91, which consisted of the principal amount of $49,885.41, plus interest in the sum of $1,780.50 and costs of $15.00. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 7; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 10; Declaration of Trottier at ¶ 11. |
| **8.** By virtue of the Crown's payment and section 30 of the *CSLRs*, Her Majesty became subrogated in and to all the rights of the Lender in respect of the outstanding Guaranteed Canada student loan referred to herein.  Accordingly, Defendant's outstanding Canada student loans became a debt owing to the Crown. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 8; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 11; Declaration of Trottier at ¶ 12. |
| **9.** Her Majesty tasked the Attorney General of Canada with collecting the Defendant's unpaid guaranteed Student Loans. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 9; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 12; Answer at ¶ 1. |
| **10.** On or about January 23, 2008, Judgment was entered by the Ontario, Canada, Superior Court of Justice in favor of the Attorney General of Canada and against Defendant in the amount of CAD 62,577.89 and costs of CAD 1,411.00. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 10; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 13 and Exhibit C attached thereto; Answer at ¶ 1. |

5

| | |
|---|---|
| **11.** The Attorney General of Canada engaged the Law Offices of H. Michael Soroy to obtain a judgment enforceable against Defendant in the State of California. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 11; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 14; Answer at ¶ 1. |
| **12.** On September 2, 2010, the Law Offices of H. Michael Soroy obtained a default judgment in the amount of United States Dollars (USD) 71,830.16 in the Superior Court of California for the County of Los Angeles, case number BC432993, against Defendant on behalf of Plaintiff, the Attorney General of Canada. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 12; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 15 and Exhibit D attached thereto; Answer at ¶ 1. |
| **13.** Defendant's wages were garnished and the balance due has been reduced to USD 59,051.49. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 13; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 16; Answer at ¶ 1. |
| **14.** Defendant filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code, 11 U.S.C., on May 11, 2015, staying the garnishment of Debtor's wages. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 14; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Complaint at ¶ 17; Answer at ¶ 1. |
| **15.** Defendant's only affirmative defenses to Plaintiff's Complaint are failure to state a cause of action and that foreign student loans are outside the scope of Section 523(a)(8) of the United States Bankruptcy Code, 11 U.S.C. | Plaintiff's Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law, Fact No. 15; Defendant's Response to Plaintiff's Amended Statement of Uncontroverted Facts and Conclusions of Law, ¶ 1; Answer at ¶¶ 5-6. |

*///*

6

## II. CONCLUSIONS OF LAW

1. A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

2. The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

3. Educational loans made, insured, or guaranteed by a governmental unit, including the loans which are the subject of this adversary proceeding, are not dischargeable unless Defendant affirmatively obtains a hardship determination. 11 U.S.C. § 523(a)(8)(A); *see also, Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 450 (2004).

4. "Governmental unit" is defined within title 11 to include foreign states and other foreign governments, which includes the Government of Canada. 11 U.S.C. § 101(27).

5. The discharge of debts in this bankruptcy case does not discharge the Defendant's debts from the educational loans made, insured, or guaranteed by the Government of Canada, which are the subject of this adversary proceeding, since there is no evidence showing that Defendant has affirmatively obtained an undue hardship determination pursuant to 11 U.S.C. § 523(a)(8)(A).

6. Based on the above statement of uncontroverted facts, Plaintiff has met his burden of demonstrating as the party moving for summary judgment that there is no genuine issue of material fact, and based on these conclusions of law, Plaintiff has shown that he is entitled to judgment as a matter of law, and therefore, Plaintiff's motion for summary judgment should be granted.

7. A separate judgment determining that Defendant's student loan debts are

1 | not dischargeable at this time pursuant to 11 U.S.C. § 523(a)(8)(A) is being filed
2 | concurrently herewith.

### 

Date: April 11, 2016

Robert Kwan
United States Bankruptcy Judge

8